# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

```
----------------------------------------------------------------- x
In re:                                                            :     Chapter 11
                                                                  :
AFFILIATED FOOD SOUTHWEST, INC.                                         Case No.  4:09-bk-13178
                                                                  :
                     Debtor.                                      :
----------------------------------------------------------------- x
BRENDA MORGAN and DONNA KELLETT on
their own behalf and on behalf of all other persons
similarly situated,                                                     Adversary Proceeding
                                                                  :     No. _____
                     Plaintiffs,
                                                                  :
           - against -                                            :
                                                                  :
Affiliated Food Southwest, Inc.                                         **CLASS ACTION ADVERSARY**
                                                                  :     **PROCEEDING COMPLAINT**
                     Defendant.                                   :
----------------------------------------------------------------- x
```

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against Defendant, allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiffs' rights under the Worker Adjustment

and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Plaintiffs were employees of the Debtor and was terminated as part of, or as a result of, a mass layoff or plant closing ordered by the Defendant. As such, the Defendant violated the WARN Act by failing to give the Plaintiffs and other similarly situated employees of the Defendant at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and other similarly situated employees of the Defendant are entitled under the WARN Act to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

**PARTIES**

4. At all relevant times, Defendant Affiliated Food Southwest, Inc. ("Affiliated Food") maintained a facility located in Little Rock, Arkansas ("the Facility").

*5.* Plaintiff Brenda Morgan was employed by Defendant at the Facility until her termination without cause on or about May 5, 2009.

6. Plaintiff Donna Kellett was employed by Defendant at the Facility until her termination without cause on or about May 5, 2009.

7. On May 5, 2009, Defendant filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

8. Until their termination by Defendant, the Plaintiffs and other similarly situated persons were employees of Defendant who worked at or reported to one of the Facility.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

9. The Plaintiffs and each persons he seeks to represent herein, was discharged on or about May 5, 2009 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

10. The Plaintiffs brings this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about May 5, 2009 and thereafter who worked at one of the Facility until their termination.

11. On or about May 5, 2009 and thereafter Defendant ordered the termination of the Plaintiffs employment as part of a mass layoff or plant closing which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

12. Defendant never gave Plaintiffs the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

13. At or about the time that the Plaintiffs were discharged on or about May 5, 2009, and thereafter, Defendant ordered the implementation of a mass layoff or plant closing at the Facility which resulted in the termination of approximately 500 employees at the Facility (the "Other Similarly Situated Former Employees").

14. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

15. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

16. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendant, without cause on their part.

a. Each of the Plaintiffs and the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

b. Defendant were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

c. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

d. Defendant failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

16. The Plaintiffs assert this claim on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

4

17. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

18. Common questions of law and fact are applicable to all members of the Class.

19. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at the Facility; Defendant terminated the employment of all the members of the Class, as part of a mass layoff or plant closing, without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

20. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

21. The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above the Plaintiffs are or were an injured party.

22. The Plaintiffs will fairly and adequately protect and represent the interests

5

of the Class.

23. The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

24. The Class is so numerous as to render joinder of all members impracticable as there are approximately 500 persons who are included in the Class.

25. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

26. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

28. No litigation concerning the WARN Act rights of any Class member has been commenced.

29. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

30. On information and belief, the identity of the Class members is contained in the books and records of Defendant.

31. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

32. On information and belief, the rate of pay and benefits that was being paid by Defendant to each Class member at the time of his/her termination are contained in the books and records of Defendant.

33. As a result of Defendant's violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401 (k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

34. At all relevant times, the Defendant employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

35. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoff closing at the Facility.

36. On or about May 5, 2009 and thereafter the Defendant ordered a "mass layoff" at the Facility, as that term is defined by 29 U.S.C. § 2101(a)(3).

37. The mass layoff or plant closing at the facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty (50) of Defendant' employees as well as 33% of Defendant's workforce at the Facility, excluding part-time employees.

38. The Plaintiffs and each of the other members of the Class was discharged by the Defendant without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoff or plant closing ordered by the Defendant at the Facility.

39. The Plaintiffs and each of the other members of the Class is an "affected employee" of the Defendant within the meaning of 29 U.S.C. §2101(a)(5).

40. The Defendant was required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

41. The Defendant failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

42. Plaintiffs and each of the other members of the Class is an "aggrieved employee" of the Defendant as that term is defined in 29 U.S.C. §2104 (a)(7).

43. The Defendant failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

44. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment, against Defendant as follows:

A. An allowed claim against the Defendant in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A); The first $10,950.00 of each Class member's allowed WARN Act claim against the Defendant is entitled to priority status, under 11 U.S.C. Section 507 (a)(4), and the remainder, if any, as a general unsecured claim;

B. Certification that the Plaintiffs and the other Class members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

E. An allowed priority claim for the reasonable attorneys' fees and the costs and

disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

        F.        Such other and further relief as this Court may deem just and proper

Dated: July 10, 2009

        Respectfully Submitted,

        COX & STERLING, LLC

        /s/ David W. Sterling_____
        David W. Sterling, ABN 97182
        Cade L. Cox, ABN 98067
        8712 Counts Massie Rd.
        North Little Rock, AR 72113
        Phone: (501) 954-8073
        Facsimile: (501) 954-7856

        LANKENAU & MILLER, LLP
        Stuart J. Miller (SJM 4276)
        132 Nassau Street, Suite 423
        New York, New York 10038
        Telephone: (212) 581-5005
        Facsimile: (212) 581-2122

        THE GARDNER FIRM, P.C.
        Mary E. Olsen (OLSEM4818)
        M. Vance McCrary (MCCRM4402)
        J. Cecil Gardner (GARDJ3461)
        1119 Government Street
        Post Office Drawer 3103
        Mobile, AL 36652
        Telephone: (251) 433-8100
        Facsimile: (251) 433-8181

        Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

## CERTIFICATE OF SERVICE

On July 10, 2009, a copy of the foregoing Class Action Adversary Proceeding Complaint was served via the Court's ECF System on all counsel of Record

/s/ David W. Sterling
David W. Sterling