**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BRENDA MORGAN, on behalf of herself and                                                      PLAINTIFFS
on behalf of all other persons similarly situated;
and DONNA KELLETT, on behalf of herself and
on behalf of all other persons similarly situated

v.                                              No. 4:15CV00296 JLH

AFFILIATED FOODS SOUTHWEST, INC.                                                             DEFENDANT

**OPINION AND ORDER**

Affiliated Foods Southwest, Inc., filed a petition for bankruptcy on May 5, 2009. On that same day, Affiliated Foods terminated the employment of approximately 180-200 of its employees, including the named plaintiffs, Brenda Morgan and Donna Kellett. The present action began as an adversary proceeding in bankruptcy on July 10, 2009. The plaintiffs filed a class action complaint, alleging that Affiliated Foods violated the Worker Adjustment and Retraining Notification Act (WARN Act)[1] by failing to give employees at least sixty days advance notice of termination. Affiliated Foods filed a motion to withdraw the reference pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011, and Local Rule 83.1(c) on April 30, 2015. The plaintiffs did not object to withdrawing the reference and the motion was granted. The plaintiffs then filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23. The Court granted the motion on April 26, 2016. Document #42. Now, Affiliated Foods has filed a motion for reconsideration. For the following reasons, the motion for reconsideration is denied.

In ruling on the motion for class certification, the Court overruled an argument by Affiliated Foods that the named plaintiffs would not be appropriate class representatives because they are not

---

[1] 29 U.S.C. § 2101, *et seq.*

subject to a defense – the liquidating fiduciary principle – that applies to other class members. The Court noted that it would not be proper in ruling on a motion for class certification to determine whether that principle shields Affiliated Foods from liability, and then the Court included the following footnote:

> Affiliated Foods initially filed for Chapter 11 reorganization bankruptcy on May 5, 2009 and did not convert it to a Chapter 7 liquidation bankruptcy until July 6, 2009. By June 12, 2009, only 49 employees remained with additional employees scheduled for dismissal on June 19. Document #11-6. The larger group of employees was terminated on May 5 and–as admitted by Affiliated Foods–are unlikely to be subject to the defense at all. Document #11-4; Document #11-5; Document #19 at 28.

Document #42 at 10, n. 3. Affiliated Foods contends that the Court misapprehended its position and requests that the Court strike the last sentence of this footnote. Affiliated Foods now says that it did not argue that the liquidating fiduciary principle would apply only after its bankruptcy was converted from Chapter 11 to Chapter 7. But the Court did not say that that was the position of Affiliated Foods. Rather, the Court recited the argument by Affiliated Foods that Morgan and Kellett were not similarly situated to plaintiffs terminated after May 5 because those plaintiffs are subject to the liquidating fiduciary defense. The Court did not make any statement predicting the defense's applicability to plaintiffs terminated after the bankruptcy filing but prior to its conversions to a Chapter 7 bankruptcy.

The Court did not misapprehend the position of Affiliated Foods. Affiliated Foods argued: "A further conflict is created because *certain* of the putative class members are subject to the liquidating fiduciary defense that would not entitle them to relief under WARN Act. Plaintiffs, who were terminated prior to the bankruptcy filing, *are not* similarly situated to this group.[2] Thus,

---

[2] Affiliated Foods argued elsewhere in its brief in opposition to class certification that "After its May 5, 2009, bankruptcy filing, AFS ceased to operate. Instead, it sold its assets and began

Plaintiffs' interests are not co-extensive with that of the other class members, despite allegations to the contrary." Document #19 at 28 (emphasis added). The Court accurately recited this position in its opinion in order to address the arguments against class certification, pointing out that "an inquiry into the adequacy of class representatives concerns whether the representatives are subject to a unique defense, not whether other members of the class are subject to a unique defense." Document #42 at 9 (citing *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999). The Court was also clear that "[e]ven if the Court were to recognize the liquidating fiduciary principle, it [was] not proper to determine at [that] stage whether it shields Affiliated Foods from WARN Act liability." Document #42 at 10.

Whether Affiliated Foods will be precluded in the future from arguing that the liquidating fiduciary principle applies to the class as a whole is not properly before the Court at this time. Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982) (citations omitted). The Court did not make an error of law or fact: rather, the Court accurately recited the position of Affiliated Foods and properly certified the class. Affiliated Foods has not presented newly discovered evidence showing that class certification was inappropriate.[3]

---

liquidation. AFS is not liable to those employees who were terminated after May 5, 2009, pursuant to the liquidating fiduciary principle . . . This could preclude recovery by as many as 320 of the purported 500 class members . . . This is yet another reason that the liability of those class members terminated in the various waves after May 5, 2009, cannot be determined in common with those terminated on May 5, 2009." Document #19 at 22.

[3] Affiliated Foods does contend that it has recently discovered that it "was indeed in the process of liquidation before May 5, 2009, and that the liquidating fiduciary principle is applicable to all class members." Document #50 at 3, ¶6. It submitted to the Court the deposition of former

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. Document#46.

IT IS SO ORDERED this 2nd day of June, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

Chief Operating Officer, Randy Acreneaux. Document #50-1. But again, it is improper for the Court to adjudicate the merits of the liquidating fiduciary defense at the class action stage. Whether Affiliated Foods is precluded from arguing that the defense applies to the entire class is not properly before the Court at this time. Because this evidence does not apply to whether the Court was correct in its decision to certify the class, it is irrelevant to the motion for reconsideration.